**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| ERIC SCHROEDER, | No. 13-17122 |
| Plaintiff - Appellant, | D.C. No. 1:12-cv-00378-HG-RLP |
| v. | |
| DIAMOND PARKING, INC.; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Hawaii
Helen W. Gillmor, District Judge, Presiding

Submitted March 15, 2016[**]

Before:   GOODWIN, LEAVY, and CHRISTEN, Circuit Judges.

   Eric Schroeder appeals pro se from the district court's judgment dismissing

his 42 U.S.C. § 1983 action alleging federal and state law claims in connection

with a parking ticket.  We have jurisdiction under 28 U.S.C. § 1291.  We review de

---

   [*]   This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

   [**]   The panel unanimously concludes this case is suitable for decision
without oral argument and denies Schroeder's request for oral argument, set forth
in his opening brief.  *See* Fed. R. App. P. 34(a)(2).

novo a dismissal under Fed. R. Civ. P. 12(b)(6). *Gant v. County of Los Angeles*, 772 F.3d 608, 614 (9th Cir. 2014). We affirm.

The district court properly dismissed Schroeder's Fourteenth Amendment due process claim because Schroeder failed to allege facts sufficient to show that he was deprived of any process that was due. *See Ulrich v. City & County of San Francisco*, 308 F.3d 968, 974 (9th Cir. 2002) (elements of procedural due process claim).

The district court properly dismissed Schroeder's First Amendment retaliation claim because Schroeder failed to allege facts sufficient to show that defendant Kema's actions would "chill or silence a person of ordinary firmness from future First Amendment activities." *Mendocino Envtl. Ctr. v. Mendocino County*, 192 F.3d 1283, 1300 (9th Cir. 1999) (citation and internal quotation marks omitted) (elements of a First Amendment retaliation claim).

The district court did not abuse its discretion in granting Kema's motion for simple joinder. *See* D. Haw. R. 7.9 (simple joinder); *Hinton v. Pac. Enters.*, 5 F.3d 391, 395 (9th Cir. 1993) (setting forth standard of review for application of local rules).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, *see Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009),

nor do we consider "facts [that were] not presented to the district court." *United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990).

**AFFIRMED.**